**Bobby Joe THOMAS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1938**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1972.

Bobby J. Thomas, pro se.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., William S. Sessions, U. S. Atty., for respondent-appellee.

ON PETITION FOR REHEARING

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Thomas raises two contentions on this petition for rehearing. Both are without merit.

First, Thomas alleges that he was subjected to double jeopardy when,

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

upon the new trial we ordered in Thomas v. United States, 5 Cir. 1969, 418 F.2d 567, he was tried upon two of the three counts in the indictment which the original trial judge had treated as surplusage for the purposes of sentencing. Thomas had been convicted at his original trial on all six counts of the indictment. But this contention is wide of the mark "since it is based on the false assumption that the court's failure to sentence him under [the three counts treated as surplusage] amounted to a constructive acquittal of those counts. By sentencing [Thomas] under [one count] only, the trial court was merely complying with the plethora of cases prohibiting the pyramiding of sentences for overlapping offenses under 18 U.S.C. § 2113." Forrester v. United States, 5 Cir. 1971, 456 F.2d 905. Since there was no acquittal in treating the two counts as surplusage, there could be no double jeopardy in retrying Thomas on those two counts.

 Second, Thomas argues that he was denied the right to plead anew to the indictment before being retried. Presumably, Thomas might have wished to plead guilty in the hopes of obtaining a lighter sentence. But Thomas has never alleged that he indicated a desire to change his plea prior to the commencement of his second trial; and the record reveals not the slightest protest or utterance from Thomas which might have led the district court to suspect that Thomas wished to plead anew. It has long been settled that "[a] waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court." Garland v. Washington, 1914, 232 U.S. 642,

646, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775. We are mindful that waiver of an important right at a criminal trial is not lightly to be implied. If ever waiver is to be implied, though, it must be in this case, where a plea of not guilty resulted in a full blown trial, reversed on the basis of an inadequate instruction to the jury, followed by a second trial and a second unsuccessful appeal during which no mention was made of the alleged failure to permit the defendant to plead anew. It is too late in the day for Thomas to turn his back upon the course of action he entered upon when he pleaded not guilty and began a long series of efforts to disprove his guilt.

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.