Herbert Joseph DELL

v.

**STATE OF LOUISIANA.**

Civ. A. No. 71–217.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

March 29, 1972.

John I. Moore, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for petitioner.

Cheney Joseph, Jr., 19th Judicial Dist. of La., Baton Rouge, La., for respondent.

E. GORDON WEST, Chief Judge.

Petitioner, Herbert Joseph Dell, presently incarcerated in the Louisiana State

Penitentiary, Angola, Louisiana, after having exhausted available State Court remedies, petitions this Court for a writ of habeas corpus. An evidentiary hearing was held on October 1, 1971, and after due consideration of the evidence adduced at that hearing and after careful consideration of the record in this case, it is the opinion of this Court that petitioner's application for a writ of habeas corpus must be denied.

Petitioner, Herbert Joseph Dell, bases his application for a writ of habeas corpus on two grounds: 1.) That he was not properly arraigned before his trial on an armed robbery charge and that he believed instead that he was being tried for driving without a driver's license, and 2.) That there was an illegal search and seizure at the time of his arrest. Substantial testimony on the first issue was elicited at the evidentiary hearing before this Court. The second issue was previously litigated in the State Courts, and it was agreed and stipulated that the records of those proceedings, including testimony given in the State Court trial, constitute sufficient evidence for this Court to rely on in deciding the second issue.

On December 16, 1969, an armed robbery of a gas station occurred in Baton Rouge, Louisiana, at about 2:30 a. m. An officer, who was dispatched to the scene, noticed a car driving slowly by the station with the two occupants thereof acting in a suspicious manner. The officer flagged the car down with some difficulty and asked them to get out. The driver was the petitioner, Herbert Joseph Dell. When petitioner opened the car door the officer could plainly see a .25 caliber automatic weapon, similar to one which had been taken from the service station during the robbery, and an envelope, similar to one that had been stolen from the service station. The officer then asked for identification. When petitioner could provide no identification, and could show no driver's license, he arrested him for driving without a license. A search of petitioner's person then yielded a two

dollar roll of nickels. Such a roll of nickels was part of the sixty-five dollars which had been taken during the robbery. Petitioner was then handcuffed, put in a police car and, after other police arrived, items of evidence which were visible from outside the car were removed by the arresting officer. Petitioner was then charged with armed robbery and later tried and convicted on that charge.

Petitioner now alleges that he believed he was charged only with not having a driver's license. He was in jail for almost five months before his trial. He knew that there was a $10,000 bond set in his case. When asked whether he thought this seemed a little excessive if he was charged only with driving without a license, petitioner said he did not know since he was ignorant of the procedures of the law. But Mr. Dell was convicted of vagrancy in 1962, of theft in 1963, of simple burglary in 1964, of not having a driver's license and driving while intoxicated in 1966. Also it should be noted that his bond on the 1966 charge was only $500 and petitioner was well aware of this. In trying to decide whether petitioner really believed that he was charged only with no driver's license, his earlier personal experiences in connection with breaking the law cannot be ignored.

Petitioner stated that he had several meetings with his court appointed attorney and that there was "discussion about" the armed robbery charge, but he was never told that he was charged with it. He admitted discussing "articles that was removed out of my car and what might happen and what could happen." Dell's attorney, meanwhile, stated that after being appointed by the Court he talked with the petitioner who told him "he [Dell] was booked with no driver's license and armed robbery." It was the attorney's belief that Dell fully realized counsel had been appointed for the purpose of representing him on the armed robbery charge and not on a driver's license charge. And he also felt sure that Dell knew the attorney was

concentrating his attention on the armed robbery charge.

Subsequent to his arrest, a preliminary hearing was held on January 5, 1970, at petitioner's request, at which petitioner was duly represented by his attorney. Testimony about the armed robbery (including identification of stolen articles which were removed from petitioner's person and from his car) was heard at this time.

Finally, Dell's attorney testified that after the preliminary hearing, "[The prosecuting attorney] did indicate that there was a matter that ought to be taken up while everybody was together and this was an arraignment." He did not recall the details of what transpired next and he had some doubt as to whether or not a formal arraignment was held at that time, but he did say definitely that a not guilty plea was subsequently entered on the charge of armed robbery.

■ In view of the above this Court has no difficulty in deciding that petitioner did in fact know of the armed robbery charges which were lodged against him in this case and that when he went to trial he was fully cognizant of the fact that he was being tried for armed robbery. In light of this decision LSA Code of Criminal Procedure, Article 555, is controlling:

> "Waivers—Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty."

Therefore, any deficiency in the arraignment procedure in this case was waived by the petitioner when he failed to make any objection prior to standing trial in the State Court.

Dell's other contention is that there was an illegal search and seizure of evidence used against him in his trial. He contends that there was no probable cause for the arrest. The State Court hearing on this matter was made available to this Court and has been made part of the record. Both parties have agreed that the information contained therein is sufficient to permit a valid decision on this point.

■ A Federal District Court may adopt State Court findings if they are amply supported by the record. Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 756–757, 9 L.Ed.2d 770 (1963). The findings of the Louisiana Supreme Court on appeal, contained in State v. Dell, 258 La. 1024, 249 So.2d 118 (1971), are amply supported by the record, and this Court agrees with its holding that there was probable cause for arrest in this case.

■ The arresting officer had been informed of the details of the armed robbery, saw a car being driven slowly by the scene of the crime, and noticed two occupants in the car acting suspiciously. There is nothing improper about the officer's decision to stop the car and ask the occupants for identification. Louisiana law requires that a driver of a motor vehicle have his driver's license in his possession and that he show it to a police officer upon demand. La.R.S. 32:411(D). The actual arrest did not occur until after petitioner had opened the car door and had gotten out, at the officer's request. The officer had seen a weapon and an envelope in plain view on the floor of the car, similar to ones known to have been involved in the robbery, and petitioner had not been able to produce identification or a driver's license. Certainly by this time the officer had sufficient probable cause to make an arrest. That the initial stopping of the car was proper is supported by Carpenter v. Sigler, 419 F.2d 169 (8th Cir. 1969). In the *Carpenter* case a police officer stopped a car which was driving slowly through an area of a small town that had been plagued with burglaries. It was the early morning hours and the car did not have a local license plate. No traffic violation was

observed but the car was stopped and a request was made by an officer to an occupant of the car that he get out and produce some identification. When the occupant climbed out of the car the officer heard a clinking noise, turned his flashlight to the floor of the car, and saw some tools. Later, after a search warrant was obtained, these and other tools were used as evidence in a trial of the occupants of the car. The Court of Appeals held that the stopping of the car did not violate any constitutional rights of the accused. Under the similar situation of the instant case the arresting officer certainly had ample grounds to stop the petitioner's car and ask for identification. The resulting search and seizure, both of the person and of the items which were in plain view in the car, was incident to a valid arrest for which probable cause has been established.

In accordance with the above findings it is the judgment of this Court that the application for a writ of habeas corpus should be denied, and judgment will be entered accordingly.