**Herbert Joseph DELL, Petitioner-Appellant,**

v.

**STATE OF LOUISIANA, Respondent-Appellee.**

No. 72-2041

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1972.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

John I. Moore, Baton Rouge, La. (court appointed) for petitioner-appellant.

William P. Guste, Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

In this appeal from the denial of habeas relief by the district court, 339 F. Supp. 888, petitioner alleges that (1) he was denied due process because he was neither formally arraigned nor given actual notice of what he was charged with prior to his trial for armed robbery, and (2) certain items admitted into evidence at his trial should have been excluded because they were fruits of an illegal search and seizure. Petitioner's conviction in the state court was affirmed by the Supreme Court of Louisiana, State v. Dell, 258 La. 1024, 249 So.2d 118 (1971), and his application for habeas relief was denied by the district court after a factual hearing.[1] Finding petitioner's contentions of error without merit, we affirm.

■■ On his first claim, petitioner alleges that until the moment of his trial for armed robbery, he thought the trial was to be for driving without a license, a charge that arose when he was initially apprehended for the robbery, and that this failure to give him adequate notice prejudiced his ability to defend himself. There is some dispute as to whether a formal arraignment was ever held, but, regardless, it is well established that formal arraignment is not constitutionally required if it is shown that the defendant knew what he was accused of and is able to defend himself adequately. Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914); Thomas v. United States, 5 Cir. 1972, 455 F.2d 469, 470; United States v. Hart, 10 Cir. 1972, 457 F.2d 1087, 1089; Bradley v. United States, 8 Cir. 1971, 447 F.2d 264, 270. See also, La.Stat.Ann., Code of Crim.Proc. Art. 555. The district court judge, after a full evidentiary hearing, found that "petitioner did in fact know of the armed robbery charges which were lodged against him in this case and that when he went to trial he was fully cognizant of the fact that he was being tried for armed robbery." We find the district court's conclusion fully supported by the record,[2] and we therefore reject petitioner's first contention.

As to petitioner's second contention of error, the legality of the search and seizure, the facts are as follows: At 2:30 a. m. on December 16, 1969, the attendant of a gas station reported to the police that he had just been held up by an armed black man with a paper bag mask

---

1. The district court held a full evidentiary hearing on the lack of notice claim and relied on the rather complete state trial court record for the Fourth Amendment claim.

2. The evidence adduced at the hearing below included testimony by the attorney who represented petitioner at the original state trial stating that he felt petitioner was fully aware of the armed robbery charge.

over his head. He reported that the robber had escaped with two rolls of wrapped nickels, an ESSO envelope containing loose change and bills, and a .25 caliber automatic belonging to the station manager. Shortly thereafter, a police officer responding to the call noticed a car driving very slowly past the gas station. In the car were two black men who were staring intently at the gas station. The police officer summoned the car to the curb and the driver, petitioner in this case, ignored the command until the officer lifted his shotgun, at which time petitioner pulled over. The police officer asked petitioner to step out of the car and display his identification. When the door opened, the officer could plainly see a .25 caliber automatic on the front floorboard and an ESSO envelope, identical to the one taken from the gas station, on the rear floorboard. When petitioner failed to produce his driver's license, he was placed under arrest for driving without a license. See La.Stat.Ann.–Rev.Stat. 32:427. The search of petitioner's person pursuant to this initial arrest produced a roll of wrapped nickels. When the other occupant of the car stepped out to show his identification, a second officer who had arrived on the scene noticed a revolver and two paper bags on the floor of the car. At that point petitioner was placed in the back seat of the police car and the envelope, paper bags and guns which had been observed in the automobile were removed by the officers.

■ ■ A motion to suppress the items seized from petitioner and from the car was denied at trial and affirmed on appeal. State v. Dell, supra. Petitioner's primary contention is that since the initial stopping of his car lacked probable cause, the subsequent arrest and seizures were invalid. The general rule is that a police officer may stop a vehicle and request the production of a driver's license with somewhat less than probable cause as a requisite. E. g., United States v. Marlow, 5 Cir. 1970,

423 F.2d 1064. See La.Stat.Ann.–Rev. Stat. 32:411(D). Here, the initial stopping took place at 2:30 a. m., under suspicious circumstances, and we are not prepared to say that merely requesting the production of a driver's license under such conditions was unreasonable. See Adams v. Williams, 407 U.S. 143, 144–147, 92 S.Ct. 1921, 1922–1924, 32 L.Ed.2d 612, 616–617 (1972); United States v. Cross, 5 Cir. 1971, 437 F.2d 385; Carpenter v. Sigler, 8 Cir. 1969, 419 F.2d 169. The initial arrest for driving without a license did not take place until after petitioner admitted he had no license; therefore probable cause clearly existed for the initial arrest. The search of petitioner's person pursuant to this initial arrest was a valid search incident to the arrest, cf. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); therefore the discovery and seizure of the roll of nickels from his person was clearly lawful. At the point in time when the nickels were seized and prior to the seizure from the car, the officer was cognizant of the following: the stolen nickels found on petitioner's person, the guns, envelope, and masks lying in plain view in the car and petitioner's suspicious behavior, including the fact that he was driving without a license at 2:30 a. m. at the scene of the robbery moments after the robbery. In sum, it is indisputable that probable cause to arrest petitioner for the further crime of armed robbery existed prior to the time the items were seized from the car.

Although there is nothing in the record indicating the precise moment petitioner was formally arrested for armed robbery, we find that the subsequent seizure of the items that had been viewed by the police officers in the car were valid seizures incident to the arrest for armed robbery. Regardless of the formalistic aspects of the arrest and the acts in consummation thereof, the fact that is unassailable is that the arresting officers clearly had probable cause and actually arrested for robbery even though

the formalization of the arrest for robbery might have come after the seizures. *See* Henderson v. United States, 5 Cir. 1968, 405 F.2d 874, 875, cert. denied, 395 U.S. 906, 89 S.Ct. 1747, 23 L.Ed.2d 219; Harris v. United States, 5 Cir. 1968, 389 F.2d 727, 730; Reed v. United States, 8 Cir. 1968, 401 F.2d 756, 761, cert. denied, 394 U.S. 1021, 89 S.Ct. 1637, 23 L.Ed.2d 48; Buick v. United States, 9 Cir. 1968, 396 F.2d 912, 915, cert. denied, 393 U.S. 1068, 89 S.Ct. 724, 21 L.Ed.2d 711; United States v. Devenere, 2 Cir. 1964, 332 F.2d 160, 161. This is not a case where the arresting officers did not have probable cause to arrest for the crime charged until after a search was made.

While the warrantless seizure of items from a car pursuant to an arrest cannot and should not be mechanically tolerated simply because a car is involved, *see* Coolidge v. New Hampshire, (1971), 403 U.S. 443, 455–473, 91 S.Ct. 2022, 2032–2042, 29 L.Ed.2d 564, 576–586, here, where pursuant to a valid arrest, 1) all the items seized were in plain view; 2) all the items seized were clearly recognizable as fruits or implements of the crime; 3) the warrantless seizure was proximate in both time and space to the arrest; and 4) the items were located in a car parked on a public highway, we find the totality of circumstances more than sufficient to justify the seizure without requiring the officers to procure a warrant first. Although these cases must necessarily turn on their individual facts and were one or more of these factors not present the result might be different, it is clear that in this case, the initial stopping was reasonable, the arrests for both the armed robbery and driving without a license were made with probable cause, and the seizure of the items from the car pursuant to the arrest was reasonable. Petitioner's second contention must therefore be rejected, his petition denied, and the district court's judgment affirmed.

Affirmed.