**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Medford ROGERS, Defendant-**
**Appellant.**

**No. 71-3549**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1972.

Roy M. Maughan, Baton Rouge, La., for defendant-appellant.

Frank McCown, U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

 Appellant was convicted in the United States District Court for the Northern District of Texas for possessing counterfeited obligations in violation of 18 U.S.C.A. § 472. His sole contention is that the conviction must be vacated because of lack of formal arraignment proceedings. We affirm.

At a call of a criminal docket of the District Court appellant was not formally arraigned as required by Fed.R.Crim. P. 10, which provides:

> Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead.

The indictment was not read to him nor the substance thereof stated to him nor was he given a copy thereof, and he was not called upon to plead and did not plead.[1] Appellant did, however, plead not guilty at the beginning of trial proceedings—after the jury was sworn and the indictment read—and did not object to the lack of formal arraignment proceedings until the close of the government's case. He was represented by both retained counsel and appointed counsel at the call of the docket, and by the same retained counsel at trial.[2]

 Vacating convictions for lack of formal arraignment proceedings is predicated on the existence of possible preju-

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. 431 F.2d 409, Part I (5th Cir. 1970).

1. Presumably this omission occurred because appointed defense counsel announced to the court that the defendant had retained counsel from another state who desired to enter an appearance. The court announced that the case would be set for trial, but that it would refer to the magistrate the fact that defendant had represented he was unable to hire counsel and then after counsel was appointed had hired other counsel. A trial date was set with trial to be before a different judge.

2. The record does not indicate that the appointed counsel was present at trial, although the District Judge at the call of the docket had ordered the appointed counsel to remain on the case to assist retained counsel.

**1318**

dice. Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914). Accord, Dell v. Louisiana, 468 F.2d 324 (5th Cir. 1972) (No. 72–2041); Thomas v. U. S., 455 F.2d 469 (5th Cir. 1972). Deprivation of the right to counsel at arraignment proceedings will sometimes be inherently prejudicial of the defendant's right to enter an intelligent plea. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Compare McConnell v. U. S., 375 F.2d 905 (5th Cir. 1967); U. S. v. Lacy, 446 F.2d 511 (5th Cir. 1971). The interests affected with respect to the lack of counsel at arraignment proceedings are not at issue here, however, since appellant was represented by both retained counsel and appointed counsel at the arraignment proceedings. The interests presumptively at issue are the right to know of the charges and the right adequately to prepare a defense, rights which might be prejudiced by the lack of formal charge and entry of plea until the beginning of trial proceedings. Dell v. Louisiana, *supra*. Appellant, however, has not alleged and does not now allege that he was ignorant of the offense with which he was charged or that he was hindered in the preparation of a defense. In fact, the inference is to the contrary.[3] His retained counsel moved before trial to suppress evidence, to produce minutes of grand jury testimony of government witnesses, and for a bill of particulars. Throughout the proceedings appellant manifested his intention to assert innocence. Therefore, since the record indicates a lack of prejudice resulting from the technical lack of formal arraignment proceedings and appellant has not shown otherwise, the conviction is affirmed.

---

3. Appellant's motion to dismiss for lack of formal arraignment proceedings, made at the close of the government's case, was dictated into the record:

"Pertinent to orders of this Honorable Court dated 9 June, 1971, the defendant together with his attorney appeared before the Chief Judge Joe Estes for the purpose of an arraignment as ordered by the Court. However the minutes of the Court will show that although the appearance was made, no arraignment was had. The defendant

waived no rights which he had, and no arraignment was performed at that time. Based on this, the defendant moves for a dismissal and moves to quash the indictment by the Federal Grand Jury as the defendant went to trial without being arraigned."

Defendant also filed a post-trial motion to dismiss the indictment for lack of formal arraignment proceedings. The post-trial motion was substantively identical to the motion made at trial.