STATE OF HAWAII, Plaintiff-Appellee, *v.*
GEORGE K. KIKUCHI, Defendant-Appellant

No. 5311

May 31, 1973

Richardson, C.J., Marumoto, Abe,
Levinson and Kobayashi, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

Appellant was initially charged in the District Court of Honolulu for the offense of violating Section 15-6.4 (3a), Revised Ordinances of Honolulu 1968, as amended. Notwithstanding said charge he was, after trial, found guilty of the offense of violating Section 15-6.4 (2a), Revised Ordinances of Honolulu 1968, as amended. Appellant was never charged with the offense of violating said Section 15-6.4 (2a).

Appellant then appealed to the circuit court of the first circuit for a trial de novo. After conclusion of trial, the circuit court found appellant guilty of the offense of violating Section 15-6.4 (2a). However, the record on appeal fails to reflect an arraignment of appellant for violating said ordinance. The record also fails to show whether or not the appellant entered his plea of not

guilty. Notwithstanding the lack of arraignment and plea, the record of the instant case shows clearly that the appellant fully litigated the issues involved in a violation of Section 15-6.4 (2a). Appellant's posture during the course of trial was that of a not guilty plea. Furthermore, according to the transcript of the trial, the following dialogue took place to show clearly that the appellant was fully aware of what alleged offense he was being tried:

> THE COURT: Now, as I understand it, gentlemen, the issue before this court is whether or not the defendant violated the provisions of Section 15-6.4 (2a) of the Traffic Code of the City and County of Honolulu—right, Mr. Ikeda?
> MR. IKEDA: Yes, your Honor.

Mr. Ikeda was appellant's counsel during the trial in the circuit court. At no time during the course of trial did appellant raise the issue of a lack of formal arraignment and plea. In fact, none of the issues mentioned on appeal was ever raised during the course of trial. Thus, during the course of trial appellant was fully informed of the cause of his prosecution and had an adequate opportunity to defend himself in the prosecution.

## ISSUE

The question in the instant case is whether the conviction of appellant is a nullity for the lack of a formal arraignment of and the lack of an entry of a plea of not guilty by the appellant.

HRCrP Rule 10 provides:

> *Arraignment.* Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the

indictment or information before he is called upon to plead.

HRCrP Rule 11 provides:

*Pleas.* A defendant shall be apprised of his right to counsel before plea. He may then plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

## QUESTIONS

In both HRCrP Rule 10 and Rule 11 the word "shall" is mentioned. Thus, is it mandatory that a defendant in a criminal case be arraigned in open court and that he or the court enter a plea of not guilty? Or, can arraignment and entry of a plea of not guilty be waived specially by defendant or by the conduct of the defendant during the course of trial?

## OPINION

In *Garland* v. *Washington,* 232 U.S. 642 (1914), the Supreme Court of the United States in addressing itself to the same issues as in the instant case rendered the following opinion at 645:

Due process of law, this Court has held, does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution.

At 646-647:

But with improved methods of procedure and greater

privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckham, speaking for the minority of the Court in the *Crain Case* [*Crain* v. *U.S.*, 162 U.S. 625] when he said (p. 649) :

> "Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court."

Holding this view, . . . we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the *Crain Case* is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed it is necessarily overruled.

The Federal Rules of Criminal Procedure Rule 10, Arraignment, is exactly the same as our HRCrP Rule 10. Said Federal Rule 10 stands as originally promulgated. *See* 8 Moore's Federal Practice (2d ed. 1972) .

The Federal Rules of Criminal Procedure Rule 11,

Pleas, is similar in substance to our HRCrP Rule 11 and also provides the following: ". . . the court shall enter a plea of not guilty."

*Garland* v. *Washington, supra,* still stands as the existing law. *See Dell* v. *State of Louisiana,* 468 F.2d 324, 325 (1972); *Bradley* v. *United States,* 447 F.2d 264 (1971).

We are of the opinion that for this court to nullify the conviction of appellant we must not only disregard *Garland* v. *Washington* but must also consider whether *Territory* v. *Marshall,* 13 Haw. 76 (1900), must be overruled in part.

In *Territory* v. *Marshall* this court stated at 83:

> The general rule is that there must be in every criminal case an arraignment and a plea, the object of the arraignment being to identify the accused, inform him of the charge and obtain his plea, the object of the plea being to make an issue to be tried. It is generally held that where the record shows a plea, an arraignment will be presumed, but that the record must show at least a plea. This however is regarded as mere matter of form within the meaning of statutes which provide that criminal proceedings shall not be affected by reason of defects in matters of form not prejudicial to the defendant. (Citation omitted) . . .

And at 85 this court stated:

> In our opinion it was unnecessary to plead to the amended charge.

We are of the opinion that as in the instant case where it appears from the record that appellant had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution he has suffered no prejudice. We are of the further opinion that where the record, as in the present case, clearly shows

that appellant was represented by counsel, was fully aware of the nature and substance of the accusation, knew what he was being prosecuted for, postured himself as being not guilty of the accusation, was tried as if he had pleaded not guilty, and raised no objection during the course of trial, he has waived the requirement of a formal arraignment and the interposing of a plea of not guilty.

Appellant's other contentions are without merit.

Judgment affirmed.

*George K. Kikuchi,* defendant-appellant, pro se.

*Larry L. Zenker,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, of counsel) for plaintiff-appellee.