# United States Court of Appeals for the Fifth Circuit

_____

No. 24-40345
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRIAN DEBORIS BLACK,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-152-2
_____

Before WIENER, DOUGLAS, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Brian Deboris Black appeals his convictions on grounds of ineffective assistance of counsel and violations of his Sixth Amendment rights. We AFFIRM.

I

Black was indicted for conspiracy to interfere with interstate commerce by robbery (Count 1), interference with commerce by robbery

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

(Count 2), and brandishing a firearm during and in relation to a crime of violence (Count 3). On June 16, 2021, he appeared at arraignment with a court-appointed attorney (Attorney). Black stated that he wished to represent himself because he believed that he "would do a better job," but that he would accept a lawyer if the court appointed a "better" attorney. The magistrate judge conducted a *Faretta* colloquy with Black, determined that he knowingly and voluntarily waived his right to counsel, and appointed Attorney as standby counsel.

In August 2021, Black requested a list of his charges as well as a court-appointed lawyer. The court did not act on that letter.

In February 2022, a grand jury returned a first superseding indictment that added another defendant and additional charges against all defendants including Black, for kidnapping (Count 4) and brandishing a firearm during and in relation to a crime of violence (Count 5).

Black filed a pro se motion for appointment of counsel in June 2022, stating that he was "being held on some kind of charges" but he did not have any "paperwork" such as the "indictment or discovery." During a hearing on Black's motion, the magistrate judge explained that she appointed Attorney as standby counsel "to assist [Black] with making sure [he] could review discovery, and answer any legal questions that [he] had." Attorney stated that given Black's pro se status, "the issue of discovery becomes sort of difficult." Attorney had attempted to visit Black in jail but was unsuccessful, he had sent Black a copy of the first superseding indictment, and he had "briefly gone over a summary of the discovery" with Black. The court stated,

> This is one of the difficulties of representing yourself, is that you are not allowed to have discovery in jail. So your attorney can bring it to you and review it with you, but if you don't have an attorney, then -- I mean, you are not permitted to -- the U.S.

Attorney's Office is not permitted to send your discovery to jail. . . . Counsel is supposed to be in the possession of discovery and then review it with you. And so unless you reach out to [Attorney] and tell him that you want him to help you in that regard -- you told me earlier you wanted to represent yourself. If you want me to appoint counsel for you, I can do that[.]

Black asked why he could not receive discovery if Attorney was acting as standby counsel, stating that he could not effectively represent himself without the evidence. The magistrate judge recommended that Black allow Attorney to represent him, explaining that Attorney could "contact[] the U.S. Attorney's Office, mak[e] sure you have gotten your discovery, review[] that discovery with you, try[] to negotiate a plea offer for you, et cetera. Without counsel, it is difficult for you to be able to do those things." Without objection from Black, the magistrate judge appointed Attorney as counsel.

Black subsequently filed a pro se letter requesting new counsel because Attorney was not filing motions that Black asked him to file and was not responding. During a hearing, Attorney explained that Black remained concerned about his ability to have discovery in the jail. The magistrate judge informed Black that he could review discovery with his attorney, but that attorneys were not permitted to leave discovery in jail. Black's request was not granted.

On May 10, 2023, a grand jury returned a second superseding indictment that was substantively identical to the first superseding indictment. It only omitted the co-defendants' names. Prior to jury selection, on May 15, 2023, the district court informed the parties that it planned to arraign Black on the second superseding indictment before starting the trial. After the jury was selected and sworn, the Government read the second

superseding indictment aloud at the district court's request, and Black pleaded not guilty to the charges.

After a three-day trial, the jury found Black guilty on all counts. Prior to sentencing, the Government moved to dismiss Count 5 under Federal Rule of Criminal Procedure 48(a), and the district court granted the motion without prejudice. The district court sentenced Black to 489 months of imprisonment and five years of supervised release. Black appeals.

## II

Black first argues that Attorney provided ineffective assistance of counsel (IAC) on several grounds. In some of his IAC claims, he also contends that the district judge and magistrate judge erred.

In order to demonstrate IAC, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This court has explained that generally, claims of IAC "should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and citation omitted). A § 2255 proceeding is the preferred means for raising IAC because the district court is the best forum for developing the facts relevant to such a claim. *Massaro v. United States*, 538 U.S. 500, 505–07 (2003); *see* 28 U.S.C. § 2255.

Black raises IAC claims that were not first presented to the district court. Because a § 2255 proceeding is the better route to address Black's IAC claims, we decline to consider them without prejudice to collateral review. Accordingly, we only address Black's arguments that the district judge and magistrate judge erred.

## III

Black next argues that the magistrate judge violated his rights under *Faretta v. California*, 422 U.S. 806 (1975), and the Sixth Amendment by refusing him access to discovery after he elected to represent himself.

Claims concerning the right of self-representation are reviewed *de novo*. *United States v. Cano*, 519 F.3d 512, 515–16 (5th Cir. 2008). The improper denial of self-representation "cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984). A district court's discovery rulings are reviewed for an abuse of discretion. *United States v. Butler*, 429 F.3d 140, 148 (5th Cir. 2005) (per curiam).

"A defendant has a right to defend himself at trial." *United States v. Long*, 597 F.3d 720, 723 (5th Cir. 2010). "[I]n order to represent himself, the accused must 'knowingly and intelligently' forgo [the traditional benefits associated with the right to counsel]." *Faretta*, 422 U.S. at 835. A defendant must therefore "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* (quoting *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 279 (1942)).

"There is no general constitutional right to discovery in a criminal case[.]" *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). "The Six Amendment demands that a pro se defendant who is incarcerated be afforded reasonable access to 'law books, witnesses, or other tools to prepare a defense,'" but "[t]he right of access . . . must be balanced against the legitimate security needs or resource constraints of the prison." *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995). "Reasonable limits" on an incarcerated defendant's "access to discovery" do not constitute an abuse of discretion. *United States v. Youker*, 718 F. App'x 492, 495 (9th Cir. 2017) (per curiam) (unpublished); *see United States v. Boukamp*, 105 F.4th 717, 746 (5th

Cir. 2024) (finding no prejudice and noting that "[a]lthough [the defendant's] access to discovery materials was still far more restricted than it would have been if he was not incarcerated or if he was represented by counsel, the district court had made sure that [the defendant] was well aware of these restrictions before he was permitted to proceed pro se"); *United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014) (finding no abuse of discretion where accessing discovery materials was inconvenient for defendant and U.S. Marshals but "the inconvenience was justified by the circumstances"); *Youker*, 718 F. App'x at 495 (finding no abuse of discretion where district court did not give defendant "unrestricted access in his cell to discovery . . . given safety concerns . . . and a reluctance to 'micromanage jail officials,' whose prevailing policy did not permit detainees to keep discovery in their cells").

When Black was arraigned, the magistrate judge determined that Black knowingly and voluntarily waived his right to counsel and appointed Attorney as standby counsel. When Black moved for appointment of counsel, the court explained that he was not allowed to have discovery in jail[1] and that it had appointed Attorney as standby counsel to assist him with discovery, but it was up to him to reach out to Attorney and ask for assistance. The extent of standby counsel's unsolicited participation is limited by a defendant's right to self-representation. *Wiggins*, 465 U.S. at 177. The magistrate judge did not place an unreasonable limitation on Black's access

---

[1] We construe the magistrate judge's statement that Black—as an incarcerated defendant electing to proceed pro se—"was not allowed to have discovery in jail," as an attempt to ensure that Black understood that his access to discovery would be more restricted given both his incarcerated status and his decision to proceed pro se, not as a blanket assertion that incarcerated defendants are prohibited from accessing discovery. *See, e.g.*, *Boukamp*, 105 F.4th at 746 (district judge ensured that incarcerated defendant seeking to proceed pro se had "full knowledge" of "restricted" access to discovery by giving incarcerated defendant a similar warning).

to discovery. *See id*; *Sarno*, 73 F.3d at 1492 (access to discovery need not be "optimal"). Moreover, Black acknowledges that Attorney went over the discovery with him "but would not give him a copy." Black has not shown that he was prejudiced. *See United States v. Bisong*, 645 F.3d 384, 396 (D.C. Cir. 2011) ("Even assuming that *pro se* defendants have a Sixth Amendment right to discovery in preparing their defense, [a defendant] … must demonstrate prejudice in order to prevail on this claim."). We find no reversible error.

IV

Black also contends that the district court erred because it failed to arraign him on the first superseding indictment, which added Counts 4 and 5 as charges, and did not arraign him on the substantially similar second superseding indictment until after the jury was sworn. He argues that this resulted in "possible prejudice" because he did not know that Count 4 could be challenged based on venue and jurisdiction.

Because Black did not raise this claim in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Black must show (1) a forfeited error that is clear or obvious that (2) affects his substantial rights. *Id.* at 135. We have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Federal Rule of Criminal Procedure 10(a) requires the district court to conduct an arraignment in open court. The Sixth Amendment requires that the defendant "be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. We have recognized that these rights "might be prejudiced" when an arraignment occurs at the beginning of the trial proceedings. *United States v. Rogers*, 469 F.2d 1317, 1318 (5th Cir. 1972). The district court errs if it proceeds to trial without arraigning a defendant on a

superseding indictment. *United States v. Boruff*, 909 F.2d 111, 117–18 (5th Cir. 1990). A defendant must show "possible prejudice" resulting from the lack of, or an untimely, arraignment, however. *Rogers*, 469 F.2d at 1317; *see Boruff*, 909 F.2d at 117.

At a hearing held months before trial, Attorney stated that he had sent Black the first superseding indictment, which was nearly identical to the second and only omitted the co-defendants' names. The district court arraigned Black on the second superseding indictment before opening arguments, and both parties expressly agreed to the procedure. Even if arraigning Black on the second superseding indictment (but not the first) just before trial constitutes a clear or obvious error, Black fails to show an effect on his substantial rights. *See Puckett*, 556 U.S. at 135; *Boruff*, 909 F.2d at 117–18 (affirming on grounds that the district court's error of not arraigning defendant on superseding indictment did not affect his substantial rights where defendant did not object and "was fully aware of the facts the superseding indictment contained, and his lawyer had a copy of it in his files" (quote at 118)); *Rogers*, 469 F.2d at 1317–18 (affirming where defendant did not show that he was ignorant of the charges or hindered in preparing his defense).

V

Finally, Black argues that the district court erroneously dismissed Count 5 without prejudice absent his consent, in violation of Federal Rule of Criminal Procedure 48(a) and the Double Jeopardy Clause of the Fifth Amendment. The Government agrees that Count 5 should have been dismissed with prejudice "in the interest of justice."

Under Rule 48(a), the government may, with leave of court, dismiss charges, but it "may not dismiss the prosecution during trial without the defendant's consent." FED. R. CRIM. P. 48(a). This court has explained

No. 24-40345

that "[i]t is precisely because a dismissal under Rule 48(a) does not bar a subsequent prosecution that the rule requires the consent of the court." *United States v. Davis*, 487 F.2d 112, 118 (5th Cir. 1973).

Because the Government does not oppose a remand, however, we remand only to allow the Government to move to dismiss Count 5 with prejudice.[2]

\* \* \*

The district court's judgment is AFFIRMED. We REMAND as to Count 5 for further proceedings not inconsistent with this opinion.

---

[2] In his statement of issues, Black argues that the district court erred in waiving his right to confront witnesses and evidence and stipulating to the expert witnesses and evidence without his consent in violation of the Fifth Amendment. Because Black does not brief this issue, the issue is waived. *See United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1099 (5th Cir. 1991) (holding that claim only mentioned in statement of issues was abandoned).