**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4249

CHARLES L. DISHER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-98-76-C)

Submitted: August 17, 1999

Decided: September 3, 1999

Before WILLIAMS and KING, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marshall M. Slayton, Charlottesville, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Nancy S. Healey, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles L. Disher appeals the district court's order affirming his convictions by a magistrate judge of two misdemeanors, having an open container of alcohol in a vehicle and refusing to submit to a blood test. We affirm.

On October 11, 1998, Disher was driving in a national park when he was stopped by a park ranger. The ranger detected the odor of alcohol on Disher's breath and conducted field sobriety tests. After failing the tests, Disher was taken to a nearby jail, where he refused to submit to a blood test. Violation notices were issued that charged him with driving on a suspended license and "open alcohol in vehicle." (J.A. 7-8).

On October 13, 1998, Disher was charged in a criminal complaint with "operat[ing] a vehicle under the influence of alcohol and refus-[al] to submit to a breathalyzer and/or blood test in violation of Title 36 CFR . . . Sections(s) 4.23(c)(2)." (J.A. 5). An affidavit referred to on the face of the complaint contains a narrative by the arresting officer that notes that "Disher was arrested for Driving under the Influence, Operating a vehicle on suspended license, and Open container of alcohol in a vehicle . . . ." (J.A. 6).

Disher was arraigned, tried and sentenced on November 12, 1998. The magistrate judge began the proceeding by stating that Disher was "charged with operating on a suspended [sic] with an open container of alcohol and with operating under the influence." (J.A. 11). The magistrate judge conducted a bench trial after Disher pleaded not guilty. The magistrate judge found Disher guilty of two charges, refusal to submit to a blood test and having an open container of alcohol in his vehicle, and not guilty of driving under the influence and driving on a suspended license. Disher did not object to the description of the offenses.

At sentencing later that day, defense counsel noted that neither of the violation notices issued after Disher's arrest included a charge of

2

refusal to submit to a blood test. The magistrate judge noted that the complaint did include such a charge and, further, that Disher had been "arraigned . . . on a refusal," to which counsel responded that "I understand that, Your Honor." (J.A. 36). Disher was sentenced to six months in jail on the open container conviction and three years' probation on the charge of refusal to submit to a blood test. The convictions were affirmed on appeal to the district court.

Rule 10 of the Federal Rules of Criminal Procedure requires that a defendant be apprised in open court of "the substance of the charge" before being called upon to plead. In this appeal, Disher contends that, despite his failure to raise the issue during trial, his conviction for refusing to submit to a blood test should be set aside because the magistrate judge neglected to mention the charge during the arraignment prior to the trial. However, Advisory Note 3 to Rule 10 notes that courts have held that technical noncompliance with the procedural requirements of the rule does not warrant reversal of a conviction if not raised before trial. See United States v. Reynolds, 781 F.2d 135, 136 n.2 (8th Cir. 1986) (absence of formal arraignment is of little consequence as long as accused has had sufficient notice of accusation and adequate opportunity to defend himself). In Disher's case, the charge was clearly noted on the face of the complaint, as was a specific reference to the applicable federal regulation, 36 C.F.R. § 4.23(c)(2). Moreover, the parties addressed that charge through argument and the introduction of evidence. Disher was not prejudiced, and "[a] failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing Garland v. Washington, 232 U.S. 642 (1914)).

Disher also contends that the open container conviction should be set aside because he never received a copy of a citation or violation notice for that offense, as he contends is required by Fed. R. Crim. P. 58(b)(1). Rule 58(b)(1), however, permits the trial of a misdemeanor to proceed on a complaint, and it is undisputed Disher did receive a copy of the complaint with its attached affidavit noting his arrest for the open container violation. Moreover, he was arraigned on the open container charge and made no objection at any time before or during trial. As with the blood-test charge, Fisher fails to demonstrate prejudice, and any error is therefore harmless.

3

Disher also contends that he had the option as to which test to take after his arrest and that his offer to submit to a breathalyzer test shields him from conviction for refusing a blood test. This argument ignores the clear language of the regulation: "Any test or tests for the presence of alcohol and drugs shall be determined by and administered at the direction of an authorized person." 36 C.F.R. § 4.23(c)(3) (1999).

For these reasons we affirm the district court's order affirming Disher's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4