## GARLAND *v.* STATE OF WASHINGTON.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 226.  Submitted January 29, 1914.—Decided March 16, 1914.

Due process of law does not require the State to adopt any particular form of procedure in criminal trials, so long as the accused has had sufficient notice of the accusation and adequate opportunity to defend. *Rogers* v. *Peck*, 199 U. S. 425.

The want of a formal arraignment to a second information of the same offense does not deprive the accused of any substantial right, and where the course of the trial, otherwise fair, was not in any manner affected to his prejudice, there is no denial of due process of law.

Technical objections, originating in the early period of English history when the accused was entitled to but few rights, are passing away and should not be allowed as to unimportant formalities where the rights of the accused have not been prejudiced.

This court is reluctant to overrule its former decisions, and it only does so in this case because it appears that the right sustained in a former case involving criminal procedure is no longer required for the protection of the accused. *Crain* v. *United States*, 162 U. S. 625, overruled so far as not in accord herewith.

65 Washington, 666, affirmed.

THE facts, which involve the validity, under the due process provisions of the Fourteenth Amendment, of a conviction and sentence, are stated in the opinion.

*Mr. William H. Gorham, Mr. O. L. Willett* and *Mr. Frank Oleson* for plaintiff in error:

It was not due process of law to try, convict and sentence plaintiff in error on an information on which he had never been arraigned and to which he had never pleaded. *Crain* v. *United States*, 162 U. S. 625.

The due process of law clause of the Fourteenth Amendment places the same inhibition on the States as does the

Fifth Amendment on the Federal Government.  *Hibben v. Smith,* 191 U. S. 310.

The term "law of the land" is synonymous with the term "due process of law."  *Missouri Pacific R. R. Co.* v. *Himes,* 115 U. S. 512.

It was neither due process of law nor the giving to the plaintiff in error of the equal protection of the law to file two informations against him in the same case charging substantially different crimes and put him on trial without any notice to him as to which charge he would be required to meet, and then sentence him on a general verdict of guilty.  Section 75, Rem. & Ballr's Code.

There cannot legally be two informations in the same case at the same time.  22 Cyc. 275; *Rice* v. *State,* 15 Michigan, 9.

While there may not be any case in which this court has ever passed on these exact points, see *Hopt* v. *Utah,* 110 U. S. 574; *United States* v. *Cruikshank,* 92 U. S. 542.

*Mr. Hugh M. Caldwell, Mr. John F. Murphy* and *Mr. H. B. Butler* for defendant in error.

Mr. Justice Day delivered the opinion of the court.

The plaintiff in error was convicted in the Superior Court of King County, Washington, upon an information charging him with larceny of "a check payable for the sum of one thousand dollars in money."  Upon appeal the conviction was affirmed by the Supreme Court of Washington (65 Washington, 666), and the case comes here upon writ of error.

It appears that a previous information had charged the accused with the larceny of "one thousand dollars ($1,000) in lawful money of the United States."  Upon that information he was arraigned, entered a plea of not guilty, was tried and convicted.  A new trial was awarded, and

thereafter the second information was filed, making the charge as above stated. Before trial the plaintiff in error filed a "motion directed to second information," containing a motion to quash, a motion to strike out and a motion to make more definite and certain, all of which were denied. No arraignment or plea was had upon that information. The case having been called for trial and the jury having been impaneled, the plaintiff in error by his counsel objected to the introduction of any evidence upon the ground that the State had no right to try the plaintiff in error on the information then before the court. This general objection was overruled. No specific objection was taken before the trial to the want of formal arraignment upon the second information. The jury, at the conclusion of the trial upon the second information, returned a verdict of guilty and sentence was passed upon the plaintiff in error.

It is apparent that the accused was tried and convicted upon an information charging an offense against the law; that he had a jury trial, with full opportunity to be heard, and that he was in fact deprived of no right or privilege in the making of his defense, unless such deprivation arises from the fact that he was not arraigned and required to plead to the second information before trial. The object of arraignment being to inform the accused of the charge against him and obtain an answer from him, was fully subserved in this case, for the accused had taken objections to the second information and was put to trial before a jury upon that information in all respects as though he had entered a formal plea of not guilty. In this view, the Supreme Court of Washington, following its former decisions, held that the failure to enter the plea had deprived the accused of no substantial right, and that having failed to make objection upon that ground before trial it was waived and could not be subsequently taken. This ruling, it is contended, deprived the plaintiff in error of his liberty

without due process of law within the meaning of the Fourteenth Amendment of the Constitution.

Due process of law, this court has held, does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution. *Rogers* v. *Peck,* 199 U. S. 425, 435, and previous cases in this court there cited. Tried by this test it cannot for a moment be maintained that the want of formal arraignment deprived the accused of any substantial right or in any wise changed the course of trial to his disadvantage. All requirements of due process of law in criminal trials in a State, as laid down in the repeated decisions of this court, were fully met by the proceedings had against the accused in the trial court. The objection was merely a formal one, was not included in the general language in which the objection to the introduction of evidence was interposed before the trial, and was evidently reserved with a view to the use which is now made of it, in an attempt to gain a new trial for want of compliance with what in this case could have been no more than a mere formality.

It is insisted, however, that this court in the case of *Crain* v. *United States,* 162 U. S. 625, held the contrary. In that case the question was specifically made as to the necessity of a plea before trial, duly entered of record. The learned Justice who spoke for the majority of the court announced its conclusion approving a number of early cases in the state courts which had held that such form of arraignment entered of record was essential to a legal trial and holding that in a Federal court no valid trial could be had without the requisite arraignment and plea and that such must be shown by the record of conviction. If a legal trial cannot be had without a plea to the indictment duly entered of record before trial, it would follow that such omission in the present case requires a reversal

of the judgment of conviction, because the prisoner has been deprived of due process of law.

Technical objections of this character were undoubtedly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his own oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts were disposed to require that the technical forms and methods of procedure should be fully complied with. But with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckham, speaking for the minority of the court in the *Crain Case*, when he said (p. 649):

"Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court."

Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal

rights in criminal procedure sustained in the *Crain Case* is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed it is necessarily overruled.

The other objection to the procedure in the state court which it is alleged deprived the plaintiff in error of due process of law upon his trial, rests in the contention that he was put to trial upon two informations, containing different charges, without notice as to which charge he would be required to meet, and sentenced upon a general verdict of guilty. We think that the record discloses that there is nothing in this objection of substantial merit, and that it appears that the accused was put to trial and convicted upon the second information, with every opportunity to defend himself against the offense therein charged.

Judgment of the Supreme Court of Washington is accordingly

*Affirmed.*