[No. 36790. Department One. November 14, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK T. RILEY, *Appellant*.*

*Griffin, Johnson & Sheridan*, for appellant.

*E. Lloyd Meeds*, by *Donald E. Priest*, for respondent.

PER CURIAM—The sole contention on this appeal is extremely technical, *i.e.*, that the judgment against the defendant should be vacated because he was not given an opportunity to plead.

The Information filed against him contained four counts: (1) reckless driving; (2) hit-and-run driving; (3) assault in the third degree; and (4) assault in the third degree.

The defendant, who asks for a new trial because he did not enter a plea, was at all times represented by counsel. When he was arraigned, he asked for a continuance. Somehow in the succession of continuances which followed and the overruling of his motion to quash the Information, the formal entry of his plea was overlooked. The trial judge informed the jury,

*Reported in 386 P. (2d) 628.

" . . . that a plea of not guilty had been entered as to all four counts of the Information which put every material allegation in issue. . . . "

He was acquitted on one count, convicted on three; and no contention is made that there was insufficient evidence to sustain the convictions or that there was prejudicial error of any kind. If there had been a formal entry of his plea of not guilty, nothing would have been done differently because everybody, the defendant and his counsel included, proceeded on the theory that he had entered a plea of not guilty. As the Supreme Court of the United States said in *Garland v. Washington* (1914), 232 U. S. 642, 645, 58 L. Ed. 772, 775, 34 S. Ct. 456, 457,

" . . . it cannot for a moment be maintained that the want of formal arraignment deprived the accused of any substantial right or in any wise changed the course of trial to his disadvantage. . . . "

If any prejudice has resulted to the defendant, it has to be because he would have entered a plea of guilty if he had been given the opportunity so to do. Such a plea may be entered at any time a defendant desires, from arraignment to the period during which a jury is deliberating. We are neither credulous nor naive enough to believe that a defendant who desired to enter a plea of guilty was prevented from doing so, after asking and receiving numerous continuances of his arraignment, because he was not formally asked whether his plea was guilty or not guilty.

Certainly, no defendant is entitled to gamble on submitting a case to a jury on the theory that he has entered a plea of not guilty and, then, after verdict, say that he was prejudiced by not having been given an opportunity to plead guilty. Significantly, there is no statement from the defendant that he would have entered a plea of guilty. Having gone to trial and a verdict having been entered against him, it ought to be held that he has waived what, under the present circumstances, was a wholly unimportant formality. *Garland v. Washington, supra.*

The failure to enter a formal plea was, at most, an irregularity which would not affect any of the substantial

rights of a defendant even in a capital case. *State v. Straub* (1896), 16 Wash. 111, 47 Pac. 227.

The judgment appealed from is affirmed.