**UNITED STATES of America,
Appellant,**

v.

**John Patrick REYNOLDS, Appellee.**

**No. 84–5151.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1985.

Decided Jan. 7, 1986.

Rehearing Denied Feb. 26, 1986.

Ronald I. Meshbesher, Minneapolis, Minn., for appellant.

Franklin Noel, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before BRIGHT,[*] ROSS and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

John Patrick Reynolds was convicted by a jury of conspiracy to distribute marijuana in violation of 18 U.S.C. § 371 (1982). The only issue raised is whether the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* (1982), prohibits commencement of trial less than 30 days from the date on which the defendant appears on a superseding indictment substantially the same as the original indictment. The district court[1] ruled that the Speedy Trial Act does not so require. We affirm.

Reynolds was indicted with others on April 11, 1980. The case first was tried in December 1980 and Reynolds was found guilty on the only count in which he was named. The conviction was reversed by this court en banc and a new trial was ordered. *United States v. Singer,* 687 F.2d 1135 (8th Cir.1982), *rev'd on rehearing en banc,* 710 F.2d 431 (1983). Before retrial, Marshall Stoll, an indicted co-conspirator who had been a fugitive at the time of the first trial, surrendered, pleaded guilty, and agreed to testify for the government. The government then sought before a new grand jury a superseding indictment which recharacterized Stoll as an unindicted co-conspirator, but which otherwise did not differ from the original indictment as it related to Reynolds. On February 8, 1984, the superseding indictment was returned. On March 15, 1984, the district judge ordered that trial begin on May 31, 1984. No arraignment on the superseding indictment was held.

On the morning of the first day of the retrial, Reynolds moved for a continuance. He stated that he had just become aware of the existence of the superseding indictment

---

\* The Honorable Myron H. Bright was United States Circuit Judge of the Eighth Circuit at the time this case was submitted. He took Senior status on June 1, 1985, before this opinion was filed.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

and that he had not been arraigned on this indictment. Reynolds argued that section 3161(c)(2) of the Speedy Trial Act prohibits the commencement of trial until 30 days after arraignment on the indictment upon which the defendant ultimately is tried.[2] The district judge responded that she had carefully reviewed the original indictment and the superseding indictment and found that the changes were of a housekeeping nature and did not materially change the charges the defendant faced. She further observed that Reynolds' counsel had participated in the first trial and therefore was aware of the nature of the evidence that would be produced. She acknowledged that Stoll's testimony might alter the course of trial, but concluded on balance that Reynolds had sufficient notice of the retrial date to render a continuance unwarranted. She therefore denied the motion. The case proceeded to a jury trial. Reynolds was convicted and this appeal followed.

Section 3161(c)(2) provides that:

Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days after the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

The 30-day provision operates to support a criminal defendant's sixth amendment right to effective assistance of counsel by assuring "that a defendant be given a reasonable time to obtain counsel and that counsel be provided a reasonable time to prepare the case." Committee on the Administration of Criminal Law of the Judicial Conference of the United States, *Guide-lines to the Administration of the Speedy Trial Act of 1974, as Amended,* 106 F.R.D. 271, 278 (1984) (emphasis omitted).

At the time this case was submitted, the question whether the Speedy Trial Act prohibits commencement of trial less than 30 days after the filing of a superseding indictment substantially the same as the original indictment had never been addressed by this court[3] and was unsettled by a conflict among the circuits.[4] The Supreme Court recently put the conflict to rest.

In *United States v. Rojas-Contreras,* —— U.S. ——, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985), the defendant was charged with illegal reentry into the United States. The indictment stated that the previous conviction for illegal entry, which formed the predicate for the enhanced later charge, was " 'rendered on or about December 17, 1981.' " *Id.* 106 S.Ct. at 556. The defendant was arraigned and trial was set for two months later. Before trial, the government became aware that the previous conviction occurred not on December 17, 1981, but on December 7, 1981, and therefore obtained a superseding indictment in all respects identical to the original indictment except that it stated that the previous conviction was delivered " 'on or about December 7, 1981.' ". *Id.* On the day before trial, after the defendant was arraigned on the superseding indictment, he moved for a 30-day continuance which he asserted was required by section 3161(c)(2). The district court denied the motion, trial followed, and the defendant was convicted.

On appeal, the Court of Appeals for the Ninth Circuit reversed. *United States v.*

2. The absence of a formal arraignment is of little consequence. In *Garland v. Washington,* 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914), the Court held that as long as the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution, "it cannot for a moment be maintained that the want of a formal arraignment deprived the accused of any substantial right or in any wise changed the course of trial to his disadvantage." *Id.* at 645, 34 S.Ct. at 457. *Accord Bradley v. United States,* 447 F.2d 264, 270 n. 8 (8th Cir.1971).

3. The government argued that we had decided this issue in *United States v. Dennis,* 625 F.2d 782 (8th Cir.1980). *Dennis* did not concern § 3161(c)(2), but § 3161(c)(1), which requires that a maximum of 70 days pass between arraignment and trial. Therefore, *Dennis* does not control this issue.

4. The circuit conflict is outlined in *United States v. Rojas-Contreras,* 106 S.Ct. 556 n. 1 (1985).

*Rojas-Contreras*, 730 F.2d 771 (9th Cir. 1984). The court reasoned that under section 3161(c)(2), " 'any pretrial preparation period shorter than thirty days is inadequate *per se*. No showing of prejudice is required.' " 106 S.Ct. at 556.

The Supreme Court rejected the Ninth Circuit's analysis. The Court observed that neither section 3161(c)(2) nor its legislative history indicates a congressional intent to prohibit commencement of trial less than 30 days after the filing of a superseding indictment. *Id.* The court cautioned, however, that section 3161(h)(8) of the Speedy Trial Act authorizes the trial judge to grant a continuance if " 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.' " *Id.* at 556. The Court thus held that the 30-day minimum trial preparation period need not run anew upon the filing of a superseding indictment, but that the trial court should grant a motion for continuance if to do otherwise would prejudice the defendant's ability to prepare for trial. Concluding that the defendant had adequate time to prepare for trial, the Court reinstated the conviction.

Returning to the case before us, it now is plain that we must reject Reynold's contention that section 3161(c)(2) prohibits commencement of trial less than 30 days after the filing of a superseding indictment. In addition, heeding the Supreme Court's command, we have reviewed the original and superseding indictments returned against Reynolds to gauge whether prejudice resulted from the district court's denial of the motion for a continuance. We agree with the district court's determination that the differences between the indictments were not material, and that the defendant would suffer no prejudice in proceeding to retrial on the superseding indictment without additional preparation time. The district court did not err in finding that Reynolds was well aware of the charges pending and enjoyed ample time to prepare for retrial. The superseding indictment was returned and made public nearly four months before the commencement of retrial; notice of commencement of retrial was issued two and a half months in advance. In addition, Reynolds' counsel already had tried essentially the same case. We therefore conclude that the district court did not abuse its discretion in refusing to allow Reynolds additional preparation time under the "ends of justice" provision of section 3161(h)(8).

We affirm the judgment of conviction.