**Shannon A. JENKINS, Petitioner,**

v.

**MONTGOMERY COUNTY JAIL, et al., Respondents.**

Civ. A. No. 3:86–0448.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 19, 1986.

Shannon A. Jenkins, pro se.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDERS AND CERTIFICATE

NEESE, Senior District Judge, sitting by Designation and Assignment.

The petitioner Mr. Shannon A. Jenkins, a pretrial-detainee in the Montgomery County, Tennessee jail, seeks relief from such custody by federal habeas corpus. 28 U.S.C. §§ 2241(a), 2254(a). Mr. Jenkins contends his detention is violative of his right to the due process of law, Constitution, Fourteenth Amendment, in that he has been incarcerated since April 8, 1986 without being arraigned on the charge pending against him.* This Court, however, is not permitted to consider the petitioner's claim because he has not given the courts of the state of Tennessee an initial opportunity to pass upon and correct that alleged wrong.

█ It is elementary that a state-prisoner must exhaust his available state-remedies by presenting his federal-constitutional claim to the state courts as a condition-precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1830 [2], 36 L.Ed.2d 439 (1973). The exhaustion-doctrine springs from considerations of comity between the states and the federal government and is designed "to give the state an initial opportunity to correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971). The exhaustion-rule must be enforced rigorously. *Rose v. Lundy,* 455

---

* Federal courts hold no general supervisory authority over state judicial proceedings and may intervene only to correct wrongs of federal-constitutional dimension. *Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). So long as the accused receives sufficient notice of an accusation against him and is given an adequate opportunity to defend himself in the prosecution, the lack of a formal arraignment on the charge is of no constitutional concern. *Garland v. Washington,* 232 U.S. 642, 644–646, 34 S.Ct. 456, 456–457, 58 L.Ed. 772 (1914); *United States v. Reynolds,* 781 F.2d 135, 136, n. 2 (8th Cir.1986).

U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

 Mr. Jenkins makes no claim of having presented his instant complaint to any court of Tennessee; he has available a procedure for doing so by the filing of a pretrial motion in the Criminal Court of Montgomery County, asking that he be arraigned in accordance with the provisions of Rule 10, Tennessee Rules of Criminal Procedure. *See* Rule 12(b), Tenn.R.Crim.P. ("Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.") State-courts, the same as federal-courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law, *Stone v. Powell,* 428 U.S. 465, 493 n. 35, 96 S.Ct. 3037, 3052 n. 35 [8], 49 L.Ed.2d 1067 (1976); and, in the absence of some reason to believe differently, this Court must assume that, if Mr. Jenkins is being held in violation of the federal Constitution, the courts of Tennessee will be receptive to his claim thereof.

An examination of the face of the petition of the applicant on preliminary consideration results in the conclusion that it appears plainly therefrom that he is not entitled to relief in this Court, for his failure to have exhausted his available state-remedies. Rule 4, Rules—§ 2254 Cases. Accordingly, it hereby is

ORDERED:

(1) that such petition is DISMISSED summarily, *id.;*

(2) that the clerk so notify the petitioner forthwith, *id.;* and

(c) that the clerk serve forthwith by certified mail copies of such petition and of this order on the respondent and the attorney general and reporter of Tennessee, *id.*

Should the petitioner give timely notice of an appeal from this order and the judgment which the clerk will enter hereon, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated as an application for a certificate of probable cause, Rule 22(b), F.R.App.P.,

which will NOT issue because of this Court's conclusion that the petitioner has not exhausted his available state-remedies. *Id.*