81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph C. PIERCE, Petitioner-Appellant,
v.
Gary R. McCAUGHTRY, Respondent-Appellee.
 No. 95-1342.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided March 22, 1996.
Rehearing Denied April 15, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Joseph Pierce was charged in a Wisconsin state court of sexually assaulting his adopted daughter, M.P., during a four-year period. The jury convicted Pierce of 10 counts of second-degree sexual assault. The district court denied Pierce's petition under 28 U.S.C. § 2254 seeking collateral relief. Magistrate Judge Crocker submitted a 30-page recommendation that the petition be denied, which the district judge did, largely for the recommended reasons. The careful analysis in the recommendation, with which we likewise substantially agree, enables us to be brief.
 
 
 2
 The first question is whether Rose v. Lundy, 455 U.S. 509 (1982), required the district court to dismiss the petition because it presents an issue that had not been presented to the state court, and therefore has not been exhausted. The potentially non-exhausted claim is the contention that the judges and prosecutors conspired to deprive Pierce of due process of law. The district court sidestepped Rose by concluding that Pierce had not argued the claim with sufficient clarity to present it in the federal case, so that the exhaustion question fell away. Only exhausted claims had been propery presented in the federal case, the district judge concluded. We look at this somewhat differently but reach the same conclusion. We do not understand "conspiracy" as a separate legal claim; instead Pierce uses the word as an epithet for all of the other conduct of which he complains. The burden of the claim is in the specific objections to the procedure used in state court. Labels attached to these events are not separate claims for purposes of Rose. Every concrete objection Pierce presents in federal court has been argued in state court; the exhaustion requirement has been satisfied.
 
 
 3
 Pierce's principal theme, which he presents under several variations, is that Wisconsin violated his constitutional rights when the judge did not ensure that the amended information was read aloud at his arraignment. The district court correctly concluded that, whatever state law may provide, the federal constitution does not require such an oral presentation. The accused's right under the sixth amendment (applied to the states by the fourteenth) is to "be informed of the nature and cause of the accusation" against him. Knowledge may be provided in many ways--reading the charge aloud is helpful if the defendant is illiterate, but a written accusation serves the purpose for the literate majority. Even for illiterate defendants, information may come from the prosecutor or defense counsel rather than the judge. See Garland v. Washington, 232 U.S. 642, 645 (1914); United States v. Cook, 972 F.2d 218, 222 (8th Cir.1992). Pierce does not claim to be illiterate (his brief demonstrates that he can read and write quite well). For that matter, Pierce does not argue that he was unaware of "the nature and cause of the accusation" against him. The state court found that Pierce discussed all 10 charges with his lawyer and was adequately prepared for trial; we have no reason to question this finding. Pierce stands on a supposed right to have the charging papers read verbatim, at the arraignment. There is no such right under the federal Constitution.
 
 
 4
 On the remaining issues, we have nothing to add to the magistrate judge's report. The judgment is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)