**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donald Harley CARTER, Defendant—Appellant.**

**No. 01–30273.**

**D.C. No. CR–00–30006–HO–01.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before GOODWIN, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Defendant Donald Harley Carter challenges his conviction on the ground that the district court erred in permitting him to proceed without counsel. On de novo review, *United States v. Lopez–Osuna,* 242 F.3d 1191, 1198 (9th Cir.2000), we affirm.

The Sixth Amendment protects both the right to counsel and the right to decline counsel in favor of representing oneself. *Faretta v. California,* 422 U.S. 806, 819–20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Although the Constitution does not require a particular, formal recitation before a de-

fendant chooses between these rights, we have "suggested, but not mandated, a preferred procedure for federal district courts to follow" in order to ensure that a defendant makes the choice to represent himself or herself "'with eyes open.'" *Lopez v. Thompson,* 202 F.3d 1110, 1117 (9th Cir.) (en banc) (quoting *Faretta,* 422 U.S. at 835), *cert. denied,* 531 U.S. 883, 121 S.Ct. 198, 148 L.Ed.2d 138 (2000). The district court should discuss in open court whether a defendant knowingly and intelligently waives the right to counsel. *Id.* The court must ensure that the defendant understands (1) the nature of the charges, (2) the potential penalties, and (3) the disadvantages of self-representation. *Id.* If a defendant unequivocally maintains that he or she chooses to represent himself or herself, then the defendant should be allowed to proceed without counsel. *Adams v. Carroll,* 875 F.2d 1441, 1445 (9th Cir. 1989).

■ The record demonstrates that Defendant knowingly and intelligently waived the right to counsel. He understood the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. During the *Faretta* hearing, the district court carefully attended to each of the required elements. The court made certain that Defendant understood the charges. The district court emphasized the severe penalties that Defendant faced. Finally, the district court discussed with Defendant, at length, the risks of self-representation. In fact, after this hearing, during other pretrial proceedings, Defendant was repeatedly advised of the risks he faced by choosing to proceed without counsel. Nevertheless, Defendant unequivocally maintained throughout the proceedings, orally and in writing, that he wished to represent himself.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Defendant argues that certain technical errors, specifically a typographical error in the indictment and the prosecutor's initial misstatement of the maximum sentence at the arraignment, render his conviction invalid. Without a showing of prejudice, these errors do not constitute grounds for reversal. *See United States v. Romero,* 640 F.2d 1014, 1015 (9th Cir. 1981). Defendant has not demonstrated prejudice; the technical errors were promptly corrected. *See Garland v. Washington,* 232 U.S. 642, 645–46, 34 S.Ct. 456, 58 L.Ed. 772 (1914) (holding that technical errors in arraignment do not constitute reversible error absent actual prejudice to the defendant).

AFFIRMED.