**Harvey Harlow WING, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–3163.

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2003.*

Decided March 26, 2003.

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

---

* This court granted the appellee's motion for noninvolvement, and accordingly this appeal has been submitted without the filing of a brief by the appellee. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. *See* Federal Rule of Appellate Procedure 34(a)(2).

## ORDER

In January 1996 Harvey Wing was convicted of arson in violation of 18 U.S.C. § 844(i). The district court later sentenced him to 43 months' incarceration and three years' supervised release. This court affirmed Wing's conviction in January 1997. *See United States v. Wing,* 104 F.3d 986 (7th Cir.1997). In August 2001 he filed a petition for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), asking the district court to nullify his conviction. The court, however, denied his petition because he was still in custody. *See Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000). After completing his term of supervised release, Wing filed a second coram nobis request attacking his conviction, which the district court denied.

Wing now asserts that the district court erred in denying his petition, but we do not agree. A writ of coram nobis is an extraordinary remedy, one granted only under compelling circumstances, *United States v. Morgan,* 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Keane,* 852 F.2d 199, 202 (7th Cir.1988), and is limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction, *Godoski v. United States,* 304 F.3d 761, 762 (7th Cir.2002). Wing's grounds for challenging his conviction are patently frivolous. His only intelligible argument is that the magistrate judge did not have the authority to preside over his arraignment, but he is wrong–28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1 of the Western District of Wisconsin permit magistrate judges to arraign criminal defendants. *See also Gomez v. United States,* 490 U.S. 858, 868 n. 16, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) (noting that Committee Report listed postindictment arraignment as a criminal pretrial matter handled by magistrates). Moreover, an arraignment error is a technical irregularity that does not warrant reversing a conviction unless it is raised before trial, *Garland v. Washington,* 232 U.S. 642, 646, 34 S.Ct. 456, 58 L.Ed. 772 (1914); Fed.R.Crim.P. 10 advisory committee's note 3, which Wing failed to do.

AFFIRMED.