**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK M. HAWKINSON,

        Petitioner-Appellant,

    v.

ARI ZAVARAS, and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents-Appellees.

No. 11-1039

(D. of Colo.)

(D.C. No. 08-cv-1951-PAB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Patrick Hawkinson, a Colorado prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to challenge the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254, arising from his

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Hawkinson is proceeding *pro se*, we construe his filings
liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

conviction for attempted theft and offering a false instrument for recording. He also requests leave to proceed *in forma pauperis* on appeal.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we DENY Hawkinson's request for a COA and DISMISS this appeal. We also DENY his motion to proceed *in forma pauperis*.

## I. Background

While incarcerated in Bent County, Colorado, Hawkinson filed three fraudulent lawsuits in state court. In the first two lawsuits, Hawkinson contended he had not received payment for work he had performed on a woman's house, or for goods he had sold to her. Hawkinson filed false certificates of service and obtained default judgments. He then filed liens against the woman's property in an attempt to collect the judgments. In the third lawsuit, Hawkinson sued another woman, alleging she falsified documents while working at a community corrections facility where Hawkinson was assigned. Hawkinson again attempted to obtain default judgment by filing a falsified waiver of service and settlement agreement.

Hawkinson's fraudulent activities eventually caught up with him, and in 2004 he was convicted in Colorado state court of two counts of attempted theft and one count of offering a false instrument for recording. Hawkinson also pleaded guilty to three habitual criminal counts and was sentenced to 24 years' imprisonment. In November 2007, the Colorado Court of Appeals affirmed his

convictions on direct appeal, and in August 2008 the Colorado Supreme Court denied certiorari review. Hawkinson did not pursue state postconviction relief.

In September 2008, Hawkinson timely filed a habeas corpus petition under 28 U.S.C. § 2254. Hawkinson alleged the state court (1) abused its discretion, exceeded its jurisdiction, and violated his due process rights by trying him without an arraignment or a plea being entered; (2) abused its discretion and violated his due process rights by allowing the prosecution to amend the information after trial started; and (3) exceeded its jurisdiction and violated his speedy trial rights under the Uniform Mandatory Disposition of Detainers Act. The district court rejected the first two claims on the merits and held that the third claim was procedurally barred. Accordingly, the district court denied Hawkinson's § 2254 application, refused to grant him a COA, and dismissed the case. In January 2009, the district court denied his timely Rule 59 motions to alter judgment.

## II. Discussion

Hawkinson now seeks a COA from this court to enable him to appeal the denial of his federal habeas corpus petition. In his application, Hawkinson renews the first two arguments he made before the district court. First, Hawkinson contends he was improperly tried without an arraignment or plea being entered. And second, he argues the prosecution should not have been permitted to amend the information after trial began. In addition, Hawkinson

alleges the district court inappropriately declined to compel the United States to file the state-court record along with its Answer, and that the court erred by failing to grant a stay pending the resolution of state postconviction proceedings.

The threshold issue here is whether Hawkinson is entitled to a COA. Without a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A).  We may issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2). Where a state court has rejected a petitioner's constitutional claims on the merits—as is the case here—the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted).

Because the Colorado Court of Appeals addressed the merits of Hawkinson's claims, "[the Anti-Terrorism and Effective Death Penalty Act (AEDPA)]'s deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA."  *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).  Under AEDPA, we may grant a habeas petition on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Having thoroughly reviewed the record, we conclude Hawkinson is not entitled to a COA for substantially the same reasons discussed by the district court. He has failed to demonstrate that reasonable jurists could debate whether the decisions of the state courts reviewing his case were contrary to or based on unreasonable applications of clearly established federal law.

## A. Trial, Conviction, and Sentencing Without Arraignment or Plea

Hawkinson contends the trial court abused its discretion, exceeded its jurisdiction, and violated his due process rights by trying, convicting, and sentencing him without an arraignment or plea being entered. Hawkinson specifically argues he was denied due process because Colorado state law requires an arraignment and entry of plea in every criminal case, and further that the lack of arraignment and plea deprived the trial court of jurisdiction. He contends these errors were prejudicial. We disagree in all respects.

The Colorado Court of Appeals rejected Hawkinson's challenge to the lack of arraignment and plea "[b]ecause [he] went to trial without objecting to any irregularities in his arraignment, and because any irregularity did not undermine his substantial rights." R., Vol. I at 26; *People v. Hawkinson*, No. 05CA1168, 2007 WL 4201144, at *3 (Colo. App. Nov. 29, 2007). This holding was

supported by Colorado law, which provides that "[i]f for any reason a plea has not been entered, [a] case for all purposes shall be considered as one in which a plea of not guilty has been entered." COLO. REV. STAT. § 16-7-208. Moreover, "[n]o irregularity in the arraignment which does not affect the substantial rights of the defendant shall affect the validity of any proceeding in the cause if the defendant . . . proceeds to trial without objecting to the irregularity." *Id.* § 16-7-203. The Colorado Court of Appeals accordingly found no deficiency in the trial court's procedure.

The state court's holding accords with clearly established federal law. It has long been accepted that "[d]ue process of law . . . does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution." *Garland v. Washington*, 232 U.S. 642, 645 (1914); *Tapia v. Tansy*, 926 F.2d 1554, 1558 (10th Cir. 1991) (explaining that unless there is prejudice, failure to arraign is not a due process violation). Accordingly, Hawkinson cannot prevail on his first constitutional claim unless the procedures in his case—or the Colorado laws permitting them—deprived him of sufficient notice and the opportunity to defend against the government's charges.

In line with the reasoning of the Colorado Court of Appeals and the district court, we find Hawkinson had sufficient notice of the charges against him and an adequate opportunity to defend against those charges. Not only was he charged

-6-

by information with three counts of offering a false instrument and two counts of attempted theft, the trial court subsequently held a pretrial hearing where it made factual findings, advised Hawkinson of the charges against him, and detailed the factual and legal bases of the state's allegations. During the hearing, Hawkinson's counsel demanded a speedy trial and accordingly declined the trial court's offer to set the matter for an arraignment. Soon after the hearing, the government filed an amended information charging Hawkinson with two counts of attempted theft, one count of offering a false instrument, and ten habitual criminal counts. Finally, during trial, the court directed the clerk to enter a plea of not guilty, which it held was implicitly entered when Hawkinson agreed to set the case for trial.

In short, even in the absence of a formal arraignment and plea entry, Hawkinson had more than enough notice of the charges against him, and nothing impeded his ability to defend against the government's allegations. We do not deny the importance of arraignments and pleas, but they are not always constitutionally required. And they certainly were not required here. Hawkinson was well aware of the state's allegations, and he willingly rejected an arraignment and plea entry in the interest of a speedy trial. Thus, there is no debate: the decision of the Colorado Court of Appeals rejecting Hawkinson's challenge to the lack of an arraignment and entry of a plea was neither contrary to nor an unreasonable application of clearly established federal law.

### B.    *Criminal Information*

Hawkinson also alleges the trial court abused its discretion and violated his due process rights by allowing the prosecution to amend the criminal information after trial began.  He contends that in the first instance, the attempted theft counts did not specify all essential elements of attempted theft, and that the court erroneously permitted the prosecution to amend those counts to include the necessary allegations.  Hawkinson asserts he was prejudiced by the insufficient information because he was unaware of the specific offenses he was charged with and was therefore unable to prepare a defense.  These arguments lack merit.

According to Hawkinson, the counts of attempted theft in the September 2004 amended information did not specify the precise date of the alleged crimes or the object or purported victim of the attempted theft.  During trial, after the close of the state's case, the prosecution moved to amend both counts to identify the victim.  The district court granted this motion and denied Hawkinson's motion to dismiss.  This was proper under Colorado Rule of Criminal Procedure 7(e), which permits trial courts to allow prosecutors to amend the information "at any time before the verdict . . . if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."  The trial court reasoned that Hawkinson had sufficient notice of the charges against him, and therefore the amendment was merely procedural.  In affirming the trial court's decision, the Colorado Court of Appeals explained, "the amendment was one of form," the

identity of the victim was clear from the evidence introduced at the preliminary hearing, and Hawkinson "was [not] prejudiced in any way." R., Vol. I at 33; *Hawkinson*, 2007 WL 4201144, at *10.

Under clearly established federal law, "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960). And accordingly, "[a] charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him." *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999). In assessing whether Hawkinson's Sixth Amendment rights were violated—specifically, whether he had adequate notice of the nature and cause of the charges filed against him—we may consider the charges as stated in the amended information as well as the evidence presented at his preliminary hearing. *See Sallahdin v. Gibson*, 275 F.3d 1211, 1227 (10th Cir. 2002) (analyzing adequacy of a charging document by considering "the Information along with the material available at the preliminary hearing and through discovery").

Pursuant to these standards, Hawkinson has no non-frivolous claim that his Sixth Amendment rights were violated. As explained above, at the pretrial hearing, the court walked through the factual and legal bases for the allegations in the information. Further, the court made detailed factual findings regarding Hawkinson's criminal activities, including his tactics, the targets of his scheme,

and the substantial steps he took toward commission of the crimes. Under § 2254(e)(1), we presume the trial court's factual findings to be correct, and Hawkinson has not presented any evidence to overcome his burden of rebutting this presumption by clear and convincing evidence. Thus, even if the information was insufficient, the pretrial hearing gave ample notice to Hawkinson of the charges he was facing and afforded him opportunity to defend against those charges.[2]

There is no reasonable debate over this issue: the trial court's decision to allow the prosecution to amend the information was permissible under Colorado statutes and federal constitutional law. Accordingly, Hawkinson is not entitled to a COA. He suffered no Sixth Amendment violation.

### C.    *Hawkinson's Other Requests*

Finally, Hawkinson argues that the district court inappropriately failed to compel the state to file the state-court record along with its Answer, and that the court erred by failing to grant a stay pending the resolution of state postconviction proceedings. Both contentions are baseless.

As an initial matter, the district court was simply not required to compel the state to file the state-court record. And even if it were, any error was not prejudicial. Second, the district court appropriately denied Hawkinson's motion

---

[2] We also note that Hawkinson's allegations do not demonstrate that he suffered any prejudice as a result of the alleged lack of notice.

to stay consideration of his § 2254 application pending the resolution of his motion for postconviction relief in state court. Courts may stay habeas petitions while a petitioner returns to state court to exhaust his state remedies, but such a stay requires a showing of good cause for failure to exhaust. Here, Hawkinson gave the district court no justification for his failure to exhaust his claim in state court, and the district court appropriately exercised its discretion to deny the stay.

### III. Conclusion

For the reasons stated above, we DENY Hawkinson's request for a COA and DISMISS the matter. Finally, because Hawkinson has failed to identify a non-frivolous argument on appeal, we DENY his request to proceed *in forma pauperis*. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge