**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4557**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LORENZO MICHAEL SOLOMON, a/k/a Badda, a/k/a Mikey, a/k/a
Mike,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:11-cr-00199-RWT-2)

Submitted:  July 31, 2014          Decided:  August 18, 2014

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Julie L.B. Johnson,
Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Kristi O'Malley, Adam Ake,
Assistant United States Attorneys, Colin Allred, Third Year Law
Student, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Lorenzo Michael Solomon was convicted of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012); attempted possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (2012); conspiracy to import 500 grams or more of cocaine, in violation of 21 U.S.C. § 963 (2012); and importation of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 960(a)(1), 952(a), 18 U.S.C. § 2 (2012). The district court sentenced Solomon to concurrent sentences of 188 months of imprisonment on each count. Solomon appeals his convictions and sentence. Finding no reversible error, we affirm.

Solomon contends that the district court erred in permitting Special Agent Brian Pruitt of the Department of Homeland Security to testify about what Joelene Small and Ronnie George told him during his investigation and to bolster their credibility. Federal Rule of Evidence 103(a) requires that, to preserve for appellate review an objection to evidence, the objection must be specific, timely, and of record. See United States v. Cabrera-Beltran, 660 F.3d 742, 751 (4th Cir. 2011); United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983). Solomon's objections at trial were insufficient to preserve the

2

alleged error on appeal; accordingly, we review Solomon's claim for plain error. See Cabrera-Beltran, 660 F.3d at 751.

Under the plain error standard of review, Fed. R. Crim. P. 52(b) "authorizes an appeals court to correct a forfeited error only if (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and brackets omitted). Because Rule 52(b) is permissive, we will correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1127 (internal quotations marks and brackets omitted).

Solomon's reliance on this court's decision in United States v. Bolick, 917 F.2d 135 (4th Cir. 1990), is misplaced. In Bolick, we reversed the defendant's conviction after concluding that the government agent had improperly testified that three impeached witnesses told him that the defendant was their source for cocaine. Id. at 140-43. Importantly, we found that the government's entire case against Bolick relied exclusively on the observations of those three witnesses, whose "character for veracity . . . was extremely doubtful." Id. at 140. However, in Ross v. Saint Augustine's Coll., 103 F.3d 338 (4th Cir. 1996), we held that Bolick is distinguishable from a case in which the underlying witness was not particularly

3

suspect and was subject to cross-examination, and the statements at issue were corroborated by other evidence. Id. at 342. The instant case is more akin to Ross than Bolick; thus, the district court did not plainly err in admitting the agent's testimony regarding the statements of Joelene Small and Ronnie George. We likewise conclude that the district court's failure to exclude certain limited remarks pertaining to the truthfulness of the same two witnesses, several of which were made in response to defense counsel's own questions and to which Solomon did not object, did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1127.

Solomon next asserts that the district court violated his Sixth Amendment rights under the Confrontation Clause by denying his requests to cross-examine Ronnie George regarding three violations of the terms of George's pretrial supervised release. Pursuant to Federal Rule of Evidence 611(b), "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." We review a district court's limitation on the scope of the cross-examination of a government witness only for an abuse of discretion. United States v. Zayyad, 741 F.3d 452, 458 (4th Cir. 2014). The district court "possesses wide latitude to impose reasonable limits on cross-examination,

4

premised on such concerns as prejudice, confusion, repetition, and relevance." United States v. Smith, 451 F.3d 209, 221 (4th Cir. 2006).

Our review of the record convinces us that there is no such abuse of discretion in this case. The district court reasonably concluded that none of the cited violations pertained to George's character for truthfulness, and discussion of those purported violations risked the danger of confusing and misleading the jury. We thus conclude that the trial court properly restricted defense counsel's cross examination of George.

Solomon next contends that the district court committed plain error when it failed to arraign him on the superseding indictment. Rule 10 of the Federal Rules of Criminal Procedure requires that a defendant be apprised in open court of "the substance of the charge" before being called upon to plead. However, technical noncompliance with the procedural requirements of the rule does not warrant reversal of a conviction if not raised before trial. See United States v. Reynolds, 781 F.2d 135, 136 n.2 (8th Cir. 1986). "A failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing Garland v. Washington, 232 U.S. 642 (1914)).

5

In Solomon's case, the additional importation charges in the superseding indictment spanned the same time frame as the original charges and involved the same activities. The parties addressed all of the charges through argument and the introduction of evidence. Moreover, Solomon's attorney had received a copy of the superseding indictment. We find that Solomon has failed to establish either prejudice or the impairment of a substantial right.

Finally, Solomon asserts there is an unwarranted sentencing disparity because his codefendant, Ronnie George, received a shorter sentence than Solomon. We review sentences for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The district court acted within its broad discretion when it imposed on Solomon a 188-month sentence; as the district court observed, Solomon's role in the offense, his efforts to obstruct justice, and George's cooperation with the Government warranted the challenged disparity. Moreover, we, along with numerous other circuits, have recognized that 18 U.S.C. § 3553(a)(6) (2012) is aimed at eliminating national sentencing disparities, not disparities between codefendants. United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996); see also United States v. Simmons, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases).

For the reasons stated herein, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED