**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY MCGEE,

Defendant - Appellant.

No. 13-10363

D.C. No. 3:12-cr-00052-EMC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and KOBAYASHI,[**] District Judge.

Anthony McGee appeals his conviction and sentence for felon in possession

of a firearm and ammunition, possession with intent to distribute

methamphetamine, and possession of a firearm in relation to drug trafficking,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

pursuant to 18 U.S.C. § 922(g), 21 U.S.C. § 841(a), and 18 U.S.C. § 924(c), respectively. McGee contends that the district court erred by: (1) holding an evidentiary hearing on his motion to suppress when the Government's opposition was not supported by sworn declarations; (2) denying his motion to suppress the firearm and methamphetamine evidence; (3) denying his motions to disclose the identities of the confidential informants who tipped off the officers who arrested him; (4) denying his motion for acquittal for insufficiency of the evidence; (5) failing to dismiss the superseding indictment for failure to arraign; and (6) failing to dismiss the felon in possession charge for constructive amendment. For the reasons explained below, we affirm.

**1.** The district court did not abuse its discretion in finding that the police reports attached to McGee's motion to suppress, which were signed under penalty of perjury, created disputes of fact requiring an evidentiary hearing. *See Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013); *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

**2.** The district court did not err in denying McGee's motion to suppress. McGee may have had the right to refuse to speak with the officers when they first approached him on the hotel stairwell. *See United States v. Drayton*, 536 U.S. 194, 200-01 (2002); *Florida v. Bostick*, 501 U.S. 429, 434 (1991). After he shoved his

2

hands in his pockets and fled, however, under the totality of the circumstances, the officers had reasonable suspicion to detain him for their own safety and the safety of other hotel occupants. *See Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000); *Terry v. Ohio*, 392 U.S. 1, 30-31 (1968); *United States v. Smith*, 633 F.3d 889, 894 (9th Cir. 2011). Further, since he resisted, it was reasonable for the officers to use force. *See United States v. Cervantes-Flores*, 421 F.3d 825, 830 (9th Cir. 2005) (per curiam), *overruled in part on other grounds by Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). Because the use of force did not convert the investigative stop into a full-blown arrest, probable cause was not necessary. *See Green v. City & Cnty. of San Francisco*, 751 F.3d 1039, 1047 (9th Cir. 2014).

**3.** The district court did not abuse its discretion in denying McGee's motion to identify the confidential informants. It properly applied *Roviaro v. United States*, 353 U.S. 53 (1957), and its progeny, *see, e.g.*, *United States v. Henderson*, 241 F.3d 638, 645-46 (9th Cir. 2000), held in-camera reviews with the officers who interviewed the informants, and balanced the public interest in confidentiality with McGee's interest in defending himself against the charges. Nor did the court abuse its discretion in determining that McGee's "mere suspicion[s]" – that the informants did not exist and that the officers planted the

3

firearm – were insufficient to require disclosure. *See United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006).

4. Viewing the evidence in the light most favorable to the Government, a rational juror could find the evidence supported the conviction. *See United States v. Ruiz-Lopez*, 749 F.3d 1138, 1141 (9th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Since the Government presented evidence that McGee's DNA was found on the bag of methamphetamine in Room 301, the design of the baggies in the room matched the baggies found on his person, and McGee had signed in as an overnight guest in the hotel registry, the district court did not err in concluding that a rational jury could have found McGee in possession of the methamphetamine beyond a reasonable doubt. *See e.g.*, *United States v. Duenas*, 691 F.3d 1070, 1084 (9th Cir. 2012) (defining "possession" for a drug offense).

5. The district court did not plainly err in denying McGee's motion for a new trial based on its failure to arraign McGee on the superseding indictment. The failure to arraign was a technical error, which does not require reversal, since McGee was fully aware of the charges against him, and heard them from his counsel and the district court during trial. *See Garland v. Washington*, 232 U.S. 642, 645 (1914); *United States v. Romero*, 640 F.2d 1014, 1015 (9th Cir. 1981).

**6.** Any variance between the indictments for possessing a "KSI 9mm handgun" and testimony from the Government's expert that Norinco manufactured the 9 millimeter handgun in China and KSI imported it, was minor and surplusage, and McGee has made no showing of prejudice. *See United States v. Hartz*, 458 F.3d 1011, 1019, 1021-23 (9th Cir. 2006).

**AFFIRMED**.