**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3297

_____

JHON LORA*; CRAIG ALFORD; LUIS MEDINA*; CHRISTOPHER J. KLEMENT*;
MIGUEL EDUARDO ROSARIO*; HOWARD WOLFE*;
DAMAON WEBSTER*; JUSTIN COATE*,
                                  Appellant

*(Parties Dismissed by Clerk on 12/18/20)

v.

LT. BAYLOR, Director of Monroe County Correctional Facility; GARY HAIDLE,
Warden of Monroe County Correctional Facility; MR. ARMOND, Sgt. at Monroe
County Correctional Facility; GEORGE WARDEN,
Clerk at Monroe County Correctional Facility

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-01787)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 16, 2021

Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed: July 19, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Craig Alford appeals the District Court's order dismissing his complaint. For the reasons detailed below, we will vacate the District Court's judgment and remand for further proceedings.

Craig Alford,[1] a pretrial detainee at the Monroe County Correctional Facility (MCCF), filed a complaint in the District Court alleging that MCCF officials and a clerk at the Monroe County Courthouse violated his constitutional rights by detaining him without holding an arraignment as required by Pa. R. Crim. P. 571.[2] Alford sought money damages. Along with his complaint, Alford filed an application to proceed in forma pauperis (IFP).

The District Court granted the motion to proceed IFP and then dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concluded that Alford's claims were barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994).[3] The Court observed that Alford had not yet been convicted, but concluded that,

---

[1] Several other pretrial detainees held at MCCF also signed the complaint. They did not, however, sign the notice of appeal and are thus not part of this appeal. See generally Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). This opinion will therefore discuss only Alford's claims.

[2] In his brief, Alford makes additional arguments, but because he did not assert those arguments in the District Court, we will not consider them. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).

[3] In Heck, the Supreme Court held that "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

for Heck purposes, "there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter." Op. at 7 (quoting Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996)).

Alford filed a timely notice of appeal. In this Court, he has filed a variety of motions, including requests for injunctions and oral argument.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We will vacate the District Court's judgment. The District Court concluded that Alford's claim was barred by Heck even though he had not yet been convicted. However, the Supreme Court has rejected this application of Heck. See Wallace v. Kato, 549 U.S. 384, 393 (2007) (rejecting petitioner's request for "the adoption of a principle that goes well beyond Heck: that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside"). Accordingly, the District Court erred in concluding that Heck barred his claim. See id.[4]

---

[4] It appears that the District Court did not understand the claim as we do, as alleging a failure to arraign. It is not clear to us that such a claim would be barred by Heck even after a conviction. The Supreme Court has stressed that this rule applies only if success on the claim would "necessarily imply that the plaintiff's conviction was unlawful," and has explained that a claim alleging an unlawful search would not necessarily undermine a conviction because of the existence of doctrines like harmless error. Heck, 512 U.S. at 487 n.6. Similarly, "[a] failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998); see also Garland v. Washington, 232 U.S. 642, 645 (1914).

3

We will therefore vacate the District Court's judgment and remand for further proceedings.[5] We deny Alford's motions[6] and the non-parties' motions to intervene.

---

[5] We express no opinion about the merit of Alford's claim, see generally Hayes v. Faulkner Cty., Ark., 388 F.3d 669, 673 (8th Cir. 2004), or any of the appellees' defenses.

[6] In his requests for injunctions, Alford alleges that the defendants have engaged in a variety of misconduct apart from the specific claim he raised in his complaint. Because he raises these issues for the first time on appeal and they are unrelated to the matter on appeal, we deny the requests. See generally Adams v. Freedom Forge Corp., 204 F.3d 475, 489–90 (3d Cir. 2000). We deny Alford's motions for oral argument because argument is unnecessary to resolve this appeal. See 3d Cir. L.A.R. 31.1(a). To the extent Alford has requested any additional relief, it is denied.