**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4643**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ANTHONY WILFORD, a/k/a Richie Rich,

Defendant - Appellant.

**No. 16-6669**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ANTHONY WILFORD, a/k/a Richie Rich,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:11-cr-00258-ELH-2)

Submitted: March 30, 2017                    Decided: May 9, 2017

Before WILKINSON, AGEE, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Linda M. Wagoner, Angola, Indiana, for Appellant; Richard Anthony Wilford, Appellant Pro Se. Rod J. Rosenstein, United States Attorney, John Walter Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Richard Anthony Wilford of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2012). In these consolidated appeals, Wilford raises numerous challenges to his conviction, and to the district court's denial of his posttrial motions to dismiss and for a new trial. We have considered the arguments asserted in counsel's brief and Wilford's pro se filings.[1] Finding no error, we affirm.

Wilford first argues that this court lacks jurisdiction over him because the district court never arraigned him. Rule 10 of the Federal Rules of Criminal Procedure requires that a defendant be advised in open court of "the substance of the charge" before being called upon to plead. However, technical noncompliance with the procedural requirements of the rule does not warrant a reversal of a conviction if not raised before trial. *See United States v. Reynolds*, 781 F.2d 135, 136 n.2 (8th Cir. 1986). "A failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998).

Although Wilford was never formally arraigned, he was properly advised of the charges at his initial appearance. Furthermore, Wilford's attorney received a copy of the superseding indictment and filed numerous pretrial motions. Wilford never raised the lack of an arraignment in the district court. Consequently, we conclude that Wilford has failed to establish either prejudice or the impairment of a substantial right. Moreover, Wilford

---

[1] Counsel for Wilford filed a merits brief in No. 14-4643, but subsequently withdrew from representation. We granted Wilford's subsequent motion to proceed pro se.

3

waived any argument pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (2012), because he did not raise this issue prior to trial in the district court. "[T]he plain language of Section 3162(a)(2) is unequivocal in requiring that a defendant move for dismissal of an indictment before the beginning of a new trial or suffer a statutorily imposed waiver of rights under the Act." *United States v. Mosteller*, 741 F.3d 503, 509 (4th Cir. 2014).

Wilford next argues that the prosecutor engaged in several instances of misconduct. Because Wilford failed to allege prosecutorial misconduct in the district court, we review for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005); *see United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015) (setting forth plain error standard). To establish prosecutorial misconduct, Wilford "must show (1) that the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010) (internal quotation marks omitted). Our review of the record discloses that Wilford's claims are meritless, as he fails to show either misconduct or prejudice.

Wilford argues that the district court erred in failing to suppress evidence obtained through warrantless Global Positioning System ("GPS") "slap on" devices. When considering the denial of a suppression motion, we review de novo the district court's legal conclusions and review its factual findings for clear error. *United States v. Guijon-Ortiz*, 660 F.3d 757, 762 (4th Cir. 2011). Because the Government prevailed on the suppression issue below, we construe the evidence in the light most favorable to the Government. *United States v. Perkins*, 363 F.3d 317, 320 (4th Cir. 2004).

4

The good faith exception to the exclusionary rule applies where warrantless GPS evidence was obtained prior to the Supreme Court's decision in *United States v. Jones*, 565 U.S. 400, 404 (2012) (holding that the attachment of a GPS tracking device to a vehicle and use of the device to track the vehicle's movements constitutes a search within the meaning of the Fourth Amendment). *United States v. Stephens*, 764 F.3d 327, 338 (4th Cir. 2014). Applying the good faith exception, we find no error in the district court's ruling.

Wilford also argues that the district court erred in denying his motion to suppress evidence obtained by the pinging of his cellular phone pursuant to the state court's authorization obtained under the Maryland pen register and trap and trace statute. Wilford also challenged the Government's reliance on state court orders issued to federal law enforcement officers. Having reviewed the record, we discern no error. "Search warrants obtained during a joint federal-state investigation may be authorized by Federal Rule 41(b) or by state law and may serve to uncover violations of federal law as well as state law." *United States v. Claridy*, 601 F.3d 276, 281–82 (4th Cir. 2010). The district court properly denied Wilford's motions to suppress and his motion for reconsideration.

Wilford alleges that the Government unlawfully used cell-site simulators to obtain information in his case. The record reveals that law enforcement officers obtained a court order to utilize a cell site simulator to confirm information regarding a coconspirator's cell phone number-not Wilford's cell phone number. Thus, Wilford lacks standing to challenge the use of the cell-site simulator. He presents only supposition and conjecture to support his assertions that such a device was used to obtain information about him. Wilford also

5

fails to demonstrate that any evidence introduced at his trial was tainted by the use of a cell-site simulator.

Wilford also asserts that the district court erred in denying his request to give a jury instruction on multiple conspiracies, and that a fatal variance between the indictment and the evidence at trial requires reversal of his conviction. This court reviews for abuse of discretion the district court's denial of a proposed jury instruction. *United States v. Sonmez*, 777 F.3d 684, 688 (4th Cir.), *cert. denied*, 136 S. Ct. 689 (2015). To show such an abuse, a defendant must establish "that his proposed instructions (1) were correct, (2) were not substantially covered by the charge that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instructions seriously impaired the defendant's defense." Id. (brackets and internal quotation marks omitted). "[A] district court must issue a 'multiple conspiracies' instruction where the evidence supports a finding that multiple conspiracies existed." *United States v. Stockton*, 349 F.3d 755, 762 (4th Cir. 2003). This instruction is not required, however, "unless the proof at trial demonstrates that [the defendant] w[as] involved *only* in [a] separate conspirac[y] *unrelated* to the overall conspiracy charged in the indictment." *United States v. Squillacote*, 221 F.3d 542, 574 (4th Cir. 2000). Moreover, the failure to give a multiple conspiracies instruction is reversible error only where the defendant establishes substantial prejudice by showing that "the evidence of multiple conspiracies [was] *so* strong in relation to that of a single conspiracy that the jury probably would have acquitted on the conspiracy count had it been given a cautionary multiple-conspiracy instruction." *United States v. Bartko*, 728 F.3d 327, 344 (4th Cir. 2013) (brackets and internal quotation marks omitted). We conclude that the

6

district court did not abuse its discretion, as Wilford has not shown that he was only involved in a conspiracy that was unrelated to the one charged in the indictment. *See Squillacote*, 221 F.3d at 574. Rather, the evidence at trial clearly supported a finding that he was involved in the charged conspiracy.

There was also no fatal variance. "[I]t is the exclusive province of the grand jury to alter or broaden the charges set out in an indictment." *United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016) (internal quotation marks omitted). "Accordingly, it is well established that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id.* (internal quotation marks omitted). "An impermissible constructive amendment – also referred to as a fatal variance — occurs when the government, usually through its presentation of evidence or argument, or the district court, usually through its jury instructions, broadens the possible bases for conviction beyond those presented by the grand jury." *Id.* (internal quotation marks omitted). When a constructive amendment claim rests on allegedly erroneous jury instructions, a reviewing court must consider "the totality of the circumstances—including not only the instructions and the indictment but also the arguments of the parties and the evidence presented at trial—to determine whether a jury could have reasonably interpreted the challenged instructions as license to convict on an unindicted charge." *Id.* (internal quotation marks omitted). The evidence at trial did not broaden the bases for conviction, but rather established the scope of the Hayes conspiracy and Wilford's active membership in that organization. Thus Wilford's arguments on this issue are without merit.

7

Finally, Wilford asserts that the jury lacked sufficient evidence to convict him. This court reviews de novo the district court's denial of a Fed. R. Crim. P. 29 motion based on sufficiency of the evidence. *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015). "Applying that standard, . . . the verdict . . . must be sustained if there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *Id.* (internal quotation marks omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

> To establish a drug conspiracy under 21 U.S.C. § 846, the government must prove that (1) the defendant entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1); (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant knowingly and voluntarily participated in the conspiracy. Given the clandestine and covert nature of conspiracies, the government can prove the existence of a conspiracy by circumstantial evidence alone.

*United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014). (internal alterations and quotation marks omitted). "Evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *Id.* at 526 (brackets omitted). Having thoroughly reviewed the trial transcript, we conclude that there was more than sufficient evidence, direct and circumstantial, to establish that Wilford knowingly participated in the charged conspiracy.

8

We have carefully considered all of Wilford's remaining arguments and conclude that they are without merit. Accordingly, we affirm the district court's judgment and its order denying Wilford's posttrial motions. We grant Wilford's motions in No. 14-4643 to file supplemental briefs, and to supplement the reply brief, and in No. 16-6669 to exceed length limitations in his informal brief, and for leave to supplement his opening and supplemental briefs. We deny Wilford's motions to compel the Government to respond to substantive issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*