DLD-272                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1834
_____

RICHARD A. WILFORD,
                                    Appellant

v.

WARDEN MCKEAN FCI; ATTORNEY GENERAL,
OFFICIAL CAPACITY; THE UNITED STATES OF
AMERICA, GOVERNMENT CAPACITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-16-cv-00273)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2018

Before: JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 31, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Richard Wilford appeals the District Court's order dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will grant the Government's motion for summary affirmance.

The procedural history of this case and the details of Wilford's claims are well known to the parties, set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. Briefly, in August 2014, Wilford was sentenced to 340 months in prison by the United States District Court for the District of Maryland after being convicted by a jury of conspiracy to distribute cocaine. In November 2016, while his direct appeal was pending before the United States Court of Appeals for the Fourth Circuit, Wilford filed his § 2241 petition in the United States District Court for the Western District of Pennsylvania. The District Court dismissed the petition, and Wilford filed a timely notice of appeal. The Government has filed a motion to summarily affirm the District Court's order.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Under the explicit terms of 28 U.S.C. § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." Id. In Cradle, we explained that

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner

2

is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Id. at 538-39 (citations omitted).

In his § 2241 petition, Wilford argues that his judgment and commitment order contains a false recital of the facts of his conviction because he was never formally arraigned and never entered a plea of not guilty. While a federal prisoner may use a § 2241 petition to challenge the execution of his sentence, Wilford's arguments that he is actually challenging the execution of his sentence—and not his conviction—are unconvincing. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (to challenge execution of sentence under § 2241, petitioner must allege Appellee's conduct was "inconsistent with a command or recommendation in the sentencing judgment").

And Wilford has not shown that a § 2255 motion would be inadequate or ineffective to raise a challenge to his judgment and conviction. Although the Court of Appeals rejected the same argument on direct appeal, see United States v. Wilford, 689 F. App'x 727, 729 (4th Cir. May 9, 2017) (per curiam), cert. denied, 2018 WL 3148305 (June 28, 2018) (No. 17-6892), we reiterate that "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief," see Cradle, 290 F.3d at 539.

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. For the reasons set forth above, we will grant the Government's motion and summarily affirm the District Court's April 2, 2018 order. See 3d Cir. I.O.P. 10.6.